# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>ESTEVEZ,<br>　　　　　Defendant. | Case No.  09-cr-00718-BLF-1<br><br>**ORDER DENYING EMERGENCY MOTION TO AMEND PRESENTENCE REPORT** |

　　　　Before the Court is Defendant Michelle Estevez's pro se Emergency Motion to Correct Error Rule 36 and or 1651 Motion. ECF 48. Estevez requests that the Court order the U.S. Probation Office to amend the Presentence Report to reduce Estevez's criminal history points. ECF 48 at 2. The Court construes the motion as made pursuant to Federal Rule of Criminal Procedure 36 and the All Writs Act codified at 28 U.S.C. § 1651. Based on the reasoning below, the Court DENIES the motion.

　　　　Federal Rule of Criminal Procedure 36 permits the court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 "may not be used to correct judicial errors in sentencing." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003). "[T]he provisions of Rule 36 do not permit a substantive change in the period of incarceration which the defendant must serve.'" *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984).

　　　　Here, Estevez requests that the Court analyze whether the Presentence Report with which Judge Fogel used to sentence Estevez appropriately considered her criminal history. ECF 48 at 1

(challenging whether the U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) applied). Because this is not a clerical error, it is not the type of challenge that can be made under Rule 36. The fact that the Ninth Circuit considered and denied a similar argument by Estevez in a separate criminal case further highlights that her request is substantive, not clerical, and thus inappropriate for the Court to consider under Fed. R. Crim. P. 36. *United States v. Estevez*, 772 F. App'x 452, 452 (9th Cir. 2019) ("Estevez also argues that the district court erred by assessing six additional criminal history points without sufficient evidence."). And, even more importantly, this motion is improper because Rule 36 "allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later." *United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989) (internal quotation marks and citation omitted). As such, the Court lacks jurisdiction under Rule 36 to hear challenges to a presentence report. *Id*.

Nor does the All Writs Act apply here. The All Writs Act provides that the Court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs "Act 'cannot enlarge a court's jurisdiction.'" *Perez v. Barr*, 957 F.3d 958, 967 (9th Cir. 2020) (quoting *Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999)). Because the Court lacks jurisdiction to hear Defendant's substantive challenge to the Presentence Report, Estevez's invocation of the All Writs Act fails.

**IT IS SO ORDERED.**

Dated: December 3, 2020

_____
BETH LABSON FREEMAN
United States District Judge

2